# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. RYMALOWICZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDMUND G. BROWN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-01517-LJO-SKO (PC)<br><br>ORDER DISMISSING CLAIM AGAINST JUDGE BARNES, WITH PREJUDICE, DISMISSING CLAIM FOR RELIEF RE CONVICTION AND SENTENCE, AND DISMISSING CLAIM AGAINST BROWN AND BEARD, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT NOT TO EXCEED FIFTEEN PAGES |

### First Screening Order

**I.　Screening Requirement and Standard**

Plaintiff Paul D. Rymalowicz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 19, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

Plaintiff, who is currently incarcerated at California State Prison-Corcoran, brings this action against Governor Edmund G. Brown, California Department of Corrections and Rehabilitation Secretary Jeffrey Beard, and Kings County Superior Court Judge Steven Barnes.

Plaintiff's complaint, which is replete with unnecessary legal arguments, general assertions, and contradictory allegations, fails to state a claim upon which relief may be granted under section 1983 and it fails to comply with Federal Rule of Civil Procedure 8(a). The Court will provide Plaintiff with an opportunity to file an amended complaint, and it will attempt to briefly address the deficiencies in Plaintiff's complaint.

///

### A. **Defendant Barnes**

Plaintiff is suing Judge Barnes, who presided over his criminal trial and sentenced him to prison. Plaintiff asserts that Judge Barnes is not entitled to judicial immunity for violating Plaintiff's federal constitutional rights, because he abused his discretion in sentencing Plaintiff to prison in an unconstitutionally overcrowded prison system. Plaintiff also asserts he is not seeking to challenge the validity of his conviction or sentence, but he is seeking to be released from prison and to have his criminal records and history "pulled and destroyed, not sealed and expunged." (Comp., pp. 19, 25.)

Plaintiff's claim against Defendant Barnes is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995). Judge Barnes is entitled to absolute immunity from damages for judicial acts, absent very limited exceptions not presented here. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985); *Stump v. Sparkman*, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); *Crowe v. County of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). While judicial immunity does not bar claims for prospective relief generally, *Pulliam v. Allen*, 466 U.S. 522, 536-42, 104 S.Ct. 1970 (1984), section 1983 bars claims for injunctive relief against a judicial officer for actions taken in his judicial capacity, again absent very limited exceptions not presented here, 42 U.S.C. § 1983; *Wolff v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).

Furthermore, despite Plaintiff's strenuous arguments to the contrary, the relief he is seeking – release from custody and relief from his criminal conviction – is unavailable in this action and may only be sought via habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005).

Plaintiff's claim for relief against Defendant Barnes and his claim for relief as it relates to release incarceration shall be dismissed.

///

///

### B. <u>Defendants Brown and Beard</u>

Under section 1983, Defendants Brown and Beard may be sued in their personal, or individual, capacities if they were personally involved in the violation of Plaintiff's federal rights.[1] Defendants Brown and Beard may also be sued in their official capacities if Plaintiff is seeking prospective relief to which they can appropriately respond. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). Regardless of personal or official capacity, Defendants are subject to suit under section 1983 only if Plaintiff alleges sufficient facts to support a claim for relief for violation of his federal rights and he has not done so. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934.

Plaintiff's claim in the main is unconstitutional prison conditions, overcrowding in particular.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth

---

[1] Neither supervisory nor executive-level personnel such as Defendants Brown and Beard may be held liable under section 1983 for the actions of lower level employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To the extent Plaintiff is seeking to state a claim based on overcrowding, he may not merely ride on the coattails of the *Plata* litigation with respect to general systemic issues and/or relief.[2] *Pride v. Correa*, 719 F.3d 1130, 1134-38 (9th Cir. 2013). While Plaintiff may pursue his own individual claim arising out of unconstitutional conditions of confinement, *Pride*, 719 F.3d at 1138, he bears the burden of alleging facts (1) which support the existence of an objectively serious risk of harm to his health or safety, and (2) which demonstrate that one or more named defendants knew of and disregarded that risk of harm, *Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012) (citing *Farmer*, 511 U.S. at 847). Plaintiff has not done so, and his conclusory allegations of overcrowding do not state a claim for violation of the Eighth Amendment. *Doty v. County of Lassen*, 37 F.3d 540, 544 n.1 (9th Cir. 1994).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint with respect to his Eighth Amendment prison conditions claim against Defendants Brown and Beard. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights. *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of

---

[2] Plaintiff cites to and discusses *Plata*, and his overarching claim is that because California's prison system is overcrowded, keeping him incarcerated is a violation of his constitutional rights and he should be released. *See Brown v. Plata*, __ U.S. __, 131 S.Ct. 1910, 1947 (2011) (reduction in prison overcrowding is relief required by Constitution and authorized by Congress in the Prison Litigation Reform Act).

mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Defendant Steven Barnes is entitled to judicial immunity and Plaintiff's claim against him is dismissed from this action, with prejudice;

2. Plaintiff's claim for relief relating to his conviction, sentence, and criminal history is dismissed, without prejudice but without leave to amend in this action, on the ground that it is barred by the habeas termination rule;

3. Plaintiff's Eighth Amendment claim against Defendants Brown and Beard is dismissed, with leave to amend, for failure to state a claim under section 1983;

4. The Clerk's Office shall send Plaintiff a civil rights complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

6. Plaintiff's amended complaint may not exceed **fifteen (15) pages**;

7. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 2, 2014**         /s/ Lawrence J. O'Neill
                          UNITED STATES DISTRICT JUDGE