# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL D. RYMALOWICZ, | Case No. 1:13-cv-01517-LJO-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| EDMUND G. BROWN, et al., | (Docs. 1 and 12) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

Plaintiff Paul D. Rymalowicz, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 19, 2013. On May 5, 2014, the Court screened Plaintiff's complaint and dismissed Plaintiff's claim against Defendant Steven Barnes, with prejudice, based on judicial immunity; dismissed Plaintiff's claim for relief relating to his conviction, sentence, and criminal history, without prejudice but without leave to amend, on the ground that it is barred by the habeas termination rule; and dismissed Plaintiff's Eighth Amendment claim against Defendants Brown and Beard, with leave to amend, for failure to state a claim under section 1983. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e). Plaintiff was ordered to file an amended complaint within thirty days and warned that if he failed to file an amended complaint in compliance with the order, this action would be dismissed, with prejudice, for failure to state a claim.

More than *sixty days* have now passed, and Plaintiff has not complied with or otherwise respond to the order.[1]  As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

    Dated:  **July 8, 2014**           **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a notice of appeal of the screening order on May 19, 2014.  However, Plaintiff's defective notice of appeal of a non-appealable interlocutory order did not divest the Court of jurisdiction and it did not relieve Plaintiff of his obligation to comply with the Court's order.  *Nascimento v. Dummer*, 508 F.3d 905, 908-10 (9th Cir. 2007) ("[W]hen a litigant makes an improper interlocutory appeal, such action will not throw a monkey wrench into the machinery of our justice system.").